UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY L. RIFFLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:12-CV-721 RLM |
| | ) |
| CAROLYN COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

## OPINION AND ORDER

Plaintiff Terry Riffle brought this action for judicial review after the Commissioner of Social Security denied his application for disability insurance benefits. The Commissioner's decision was vacated and the case was remanded to the Social Security Administration for further proceedings. Mr. Riffle ultimately prevailed and was awarded approximately $55,365.72 in past-due benefits. Mr. Riffle's counsel, Timothy E. Burns, has received $5,336.86 for the services he provided pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; Mr. Burns's motion for authorization of attorney fees under 42 U.S.C. § 406(b) currently pends before the court.

An attorney who has successfully represents a claimant in federal court can receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such

judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The combination of fees awarded under Sections 406(a) and 406(b) can't exceed twenty-five percent of the past-due benefits awarded, Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004), and while fees can be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Burns asks the court to authorize attorney fees in the amount of $13,841.43, which equals twenty-five percent of the past due benefits recovered by Mr. Riffle. The amount is within the parameters of Section 406(b) and the parties' contingent fee agreement, but the court still must determine whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809.

The government hasn't objected to Mr. Burns's request, and the amount requested equals twenty-five percent of the past-due benefits awarded to Mr. Riffle. Fees in the amount of $13,841.43 equates to an effective rate of $499.69 per hour (for 27.7 hours) and is reasonable in light of the result achieved in this case and the contingent nature of the recovery.

The record of this case also shows that in 2013, after remand to the agency, the court awarded Mr. Burns fees in the amount of $5,336.86 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Fee awards can be made under both the EAJA and Section 406(b), but the claimant's attorney must refund the amount of the smaller fee. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002). Mr. Burns has agreed that he will refund the EAJA award of $5,336.86 to Mr. Riffle.

Accordingly, the court GRANTS the motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) [docket #31] and AWARDS fees to plaintiff's attorney Timothy Burns in the total amount of $13,841.43, to be paid directly to Timothy E. Burns of the law firm of Keller & Keller, 2850 N. Meridian Street, Indianapolis, Indiana, 60208. The court further ORDERS Attorney Burns to refund to Mr. Riffle the sum of $5,336.86, which represents the amount of EAJA fees already paid to Mr. Burns and now credited to Mr. Riffle.

SO ORDERED.

ENTERED:   November 20, 2014

                                        /s/ Robert L. Miller, Jr.
                                        Judge, United States District Court